NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LAURA NIEVES, | : | |
| Plaintiff, | : | Civil Action No. 12-3913 (SRC) |
| v. | : | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff Laura Nieves ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be vacated and the case remanded for further proceedings.

In brief, this appeal arises from Plaintiff's application for disability insurance and supplemental security income benefits, alleging disability beginning May 25, 2007, due to diabetes, diabetic retinopathy, myotonic dystrophy, depression, anxiety, hypertension, high cholesterol, and dizziness. A hearing was held before ALJ Richard West (the "ALJ") on May 4, 2010, and the ALJ issued a decision on July 29, 2010, finding that Plaintiff was not disabled within the meaning of the Social Security Act. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff

filed this appeal.

The ALJ, in short, found that, at step three, Plaintiff did not meet or equal any of the Listings, and that, at step four, she retained the residual functional capacity to perform her past relevant work as a machine operator. Plaintiff appeals on a number of grounds, but this Court need only reach one to find reversible error: the ALJ's rejection of the medical evidence provided by Plaintiff's ophthalmic surgeon, Dr. Scannapien, is not supported by substantial evidence.

The record contains a "Visual Restrictions Residual Functional Capacity Questionnaire" filled out by Dr. Scannapien. (Tr. 320-321.) Dr. Scannapien gave Plaintiff a diagnosis of diabetic retinopathy, and answered "yes" to the question of whether "the documented findings related to your patient's vision reasonably interfere with . . . the ability to do any close range visual related activities 6-8 hours a day, 5 days per week." (Tr. 320.) The doctor also answered "yes" to the question about whether these findings would interfere with the ability to operate machinery. (Id.) The ALJ's entire discussion of this evidence is as follows:

> There is an undated visual restrictions questionnaire completed by S. Scanmaplew. It was opined that the claimant had diabetic retinopathy, which was stable. It was opined that the claimant's limited vision limited her ability to perform many activities. (Exhibit 14F)
>
> The undersigned gives no weight to this unsigned report as there was no supporting evidence or rationale articulated.

(Tr. 29.) The ALJ's rejection of this evidence is arbitrary and unfair. First, the statement that the form is unsigned is wrong, but that is the least of what is wrong here. The form in the record does not request either that the doctor provide a rationale or that evidence to support the limitations be provided. It is clear that the doctor filled out the form that he or she was given. To reject it as insufficient, and use that as a justification to eliminate from consideration the

documented limitation, without developing the record further, is manifestly unfair.

The ALJ's decision about this evidence does not comply with either Third Circuit law or the relevant regulations. The requirements of the Third Circuit are clear:

> When a conflict in the evidence exists, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason. The ALJ must consider all the evidence and give some reason for discounting the evidence she rejects.
>
> Treating physicians' reports should be accorded great weight, especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time. An ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided.

Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). In the instant case, the ALJ gave no adequate reason to support the rejection of the medical evidence. Furthermore, since it was evidence from a treating physician, the ALJ should only have rejected it outright if it was contradicted by other medical evidence – and it was not.

Similarly, the relevant regulation states:

> If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.

20 C.F.R. § 404.1527(c)(2). The ALJ did not give good reasons for the weight (none) he gave to the treating source's opinion.

The ALJ concluded that Plaintiff was capable of performing her past relevant work as a

machine operator. Thus, Plaintiff has evidence from her eye surgeon saying that her visual problems interfere with operating machinery, and the ALJ concluded, with no contradictory evidence in the record, that she can work as a machine operator.

In the opposition brief, Defendant defends the ALJ's decision as to Dr. Scannapien as if it were supported by contradictory medical evidence, the findings of Dr. Sivadas. The ALJ's decision says nothing of the sort. It describes the results of the evaluation by Dr. Sivadas in lengthy detail and says nothing about Plaintiff's vision. (Tr. 28.) There is no indication that the ALJ rejected Dr. Scannapien's report on the basis of contradictory medical evidence provided by Dr. Sivadas. Defendant also argues that, because the Scannapien report is undated, it "is quite possible that the asserted limitations do not even relate to the relevant period." (Def.'s Br. 16.) The fact that the Commissioner does not know what time period the Scannapien report deals with, and did not find out, is not a "good reason" for rejecting this evidence from a treating physician.

Moreover, the ALJ did not satisfy his obligation to develop the record in this case. The Supreme Court has held: "It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." Sims v. Apfel, 530 U.S. 103, 111 (2000). The regulations state:

> Our responsibility. Before we make a determination that you are not disabled, we will develop your complete medical history for at least the 12 months preceding the month in which you file your application . . .

20 C.F.R. § 404.1512(d). The Commissioner did not develop a complete medical history in this case – given that Defendant's brief relies on the argument that the period in which her eye surgeon believed her unable to operate machinery was unknown.

It is helpful to consider the one available case in which the Third Circuit applied the principle in Sims quoted above, even though it is non-precedential:.

> In the instant case, the ALJ ordered two consultive examinations. He attempted to obtain records from Carmichael's previous medical providers. He obtained two state agency medical expert opinions concerning Carmichael's RFC. By ensuring this battery of exams, and soliciting both records and opinions concerning Carmichael's limitations, the ALJ acted to investigate arguments both for and against granting benefits. *Sims*, 530 U.S. at 111. Thus, the ALJ fulfilled his duty to fully develop the record.

Carmichael v. Barnhart, 104 Fed. Appx. 803, 805 (3d Cir. 2004). While Carmichael does not affirmatively define the extent of the ALJ's duty to develop the record, it is useful as a contrast to this case. Here, on the subject of visual limitations, the ALJ neither ordered consultative examinations, nor did he obtain opinions from any state agency medical providers. One cannot conclude that the ALJ here acted to fully investigate the arguments both for and against granting benefits, as required by Sims.

The ALJ's decision is not supported by substantial evidence. The decision is vacated and the case is remanded to the Commissioner for further proceedings in accordance with this Opinion.

       s/ Stanley R. Chesler
       STANLEY R. CHESLER, U.S.D.J.

Dated: July 22, 2013